Dustin Whittenburg, Esq.
(SBN: 24042151)
845 Proton Road
San Antonio, Texas 78258
Tel: (210) 826-1900
Email: Dustin@DustinWhittenburgLaw.com

Susanne Arani, Esq.
(PHV CA#: 238891)
1028 Rosario Lane
Vista, California 92084
Tel: (760) 331-8426
Email: susanne.arani@gmail.com

For Defendants

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF TEXAS**

| | |
|---|---|
| Nomad Capitalist, Limited, a Hong Kong Company,<br><br>Plaintiff,<br><br>v.<br><br>Nomad Elite, LLC, a Texas limited liability company, and Arno Gerald Summer, an individual,<br><br>Defendants. | Case No.: 1:24-cv-01481<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES** |

**ANSWER**

To the extent the Paragraphs of the Complaint are grouped together under headings, Defendants ARNO GERALD SUMMER and NOMAD ELITE, LLC ("Defendants") respond

generally that such headings and subheadings (some of which are repeated below for reference only and which do not constitute admissions) state legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny each and every heading and subheading in the second amended complaint and incorporates by reference this response in each Paragraph below as if fully set forth herein.

Except as expressly admitted herein, Defendants deny any and all allegations as set forth in the amended complaint. Defendants expressly reserve the right to amend and/or supplement its Answer as may be necessary. Defendants further answer the numbered Paragraphs in the amended complaint as follows:

## NATURE OF THE ACTION

1. Defendants admit the allegations in Paragraph One that Plaintiff's file for causes of action for defamation, defamation per se, business disparagement and false light invasion of privacy. Defendants specifically deny they made false and malicious statements that resulted in legal harm, and deny those allegations in Paragraph One.

2. Defendant denies the allegation that their conduct was legally wrongful. As for the remaining allegations in Plaintiff's Paragraph Two, Defendants lack information or sufficient knowledge for a belief as to the remaining allegations, and denies them on that basis.

## JURISDICTION AND VENUE

3. Paragraph Three states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit the allegation.

4. Paragraph Four states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit the allegation.

///

## PARTIES

5. Defendants admit that Nomad Capitalist is a limited liability company. Defendants lack information or knowledge sufficient for a belief as to the truth of the remaining allegations in Paragraph Five and denies them on that basis.

6. Defendants admit the allegations in Paragraph Six.

7. Defendants deny the allegations in Paragraph Seven.

## FACTUAL ALLEGATIONS

8. Defendants admit the allegations in Paragraph Eight that Plaintiff provides consultancy services and immigration assistance to individuals in multiple countries. Defendants lack information or knowledge sufficient for a belief as to the truth of the remaining allegations in Paragraph Eight and denies them on that basis.

9. Defendants admit the allegation in Paragraph Nine that Plaintiff employs or contracts with individuals. Defendants lack information or knowledge sufficient for a belief as to the truth of the remaining allegations in Paragraph Nine, and denies them on that basis.

10. Defendants admit that Andrew Henderson is a founder of Plaintiff, as alleged in Paragraph Ten. Defendants lack information or knowledge sufficient for a belief as to the truth of the remaining allegations in Paragraph Ten and denies them on that basis.

11. Defendants admit the allegation in Paragraph Eleven, that Andrew Henderson claims to "test" out immigration documents. Defendants lack information or knowledge sufficient for a belief as to the truth of the remaining allegations in Paragraph Eleven and denies them on that basis.

12. Defendants admit that Andrew Henderson published videos and comments on YouTube regarding Plaintiff's services. Defendants lack information or knowledge sufficient for a belief as to the truth of the remaining allegations in Paragraph Twelve, and denies them on that basis.

13. Defendants admit the allegations in Paragraph Thirteen.

14. Defendants lack information or knowledge sufficient for a belief as to the truth of the remaining allegations in Paragraph Fourteen, and denies them on that basis.

15. Defendants admit that Plaintiff's YouTube page has more than 940,000 subscribers. Defendants lack information or knowledge sufficient for a belief as to the truth of the remaining allegations in Paragraph Fifteen, and denies them on that basis.

16. Defendants admit the allegations in Paragraph Sixteen.

17. Defendants admit the allegations in Paragraph Seventeen.

18. Defendants admit the allegations in Paragraph 18.

19. Defendants admit he published a video prior to December 1, 2023, concerning Plaintiff as alleged in Paragraph Nineteen. Defendants deny the remaining allegations in Paragraph Nineteen, specifically that statements were untrue or unlawful.

20. Defendants admit that they received a cease-and-desist letter as stated in Paragraph Twenty. Defendants lack information or knowledge sufficient for a belief as to the truth of the remaining allegations in Paragraph Twenty, and denies them on that basis.

21. Defendants admit they published additional videos, but specifically deny that Defendants attempted to lawfully defame Plaintiff and/or Andrew Henderson, as alleged in Paragraph Twenty-One.

22. Defendants admit they published statements about Andrew Henderson on December, 1, 2023, January 21, 2024, and June 8, 2024. Defendants specifically deny that these statements about Andrew Henderson and Plaintiff were false and defamatory, as alleged in Paragraph Twenty-Two.
    a. Defendants deny the allegation in Paragraph 22(a) that they falsely claimed Plaintiff engaged in illegal or unethical business practices.
    b. Defendants admit they stated that any organization that services in more than five countries and/or are not located there is not ideal for the consumer. Defendants deny the allegation in Paragraph 22(b) that they stated Plaintiff was substandard, misleading, and harmful to clients in a false and defamatory way.

  c. Defendants deny the allegation in Paragraph 22(c) that they falsely claimed Plaintiff committed fraud, misrepresentation, and dishonesty in business practices.

  d. Defendants admit they implied there are better options in some countries than Plaintiff, but deny the remaining allegations in Paragraph 22(d).

23. Defendants deny they made false, defamatory and disparaging statements about Plaintiff, as alleged in Paragraph 23.

  a. Defendants admits that the quotation in Paragraph 23(a) is correct, but incomplete and denies that it is a full statement as alleged in Paragraph 23(a). Defendant admits this partial statement appeared in the December 2023, publication, but denies that it was false, defamatory and disparaging, as alleged in Paragraph 23(a).

  b. Defendants admit these are accurate quotes from the January 2024 video as alleged in Paragraph 23(b). Defendants deny that they are full quotes, and specifically denies that in context, the statements were false, defamatory and disparaging, as alleged in Paragraph 23(b).

  c. Defendant denies that the quoted material in Paragraph 23(c) appears in the January 21, 2024 video. Defendant admits that he stated there is a chance of inferior service for people working with companies who are not based in the intended country they serve. Defendant denies all remaining material allegations in Paragraph 23(c).

  d. Defendants admit he stated the words quoted in Paragraph 23(d), but specifically denies that they are false, defamatory and disparaging, as alleged in Paragraph 23(d).

  e. Defendants admit he stated, "They posted lots of inaccurate information!" regarding a video Plaintiff and Andrew Henderson posted, in the comment section. Defendants deny that the statement is false, defamatory, and disparaging as alleged in Paragraph 24(d).

    f.   Defendants admit he stated the words quoted in Paragraph 23(f), but specifically denies that they are false, defamatory and disparaging, as alleged in Paragraph 23(f).

    g.   Defendant admits he posted the statement, "He never integrated anywhere. He speaks zero foreign languages fluently," regarding Andrew Henderson. Defendants deny the remaining allegations in Paragraph 23(g), and specifically deny that statements were false, defamatory, and disparaging, as alleged.

    h.   Defendants deny that the quoted material in Paragraph 23(h) is accurate or full and complete. Defendant admits he published a statement similar to that quoted in Paragraph 23(h), but denies that statements were false, defamatory, and disparaging, as alleged.

    i.   Defendants deny that the quoted material in Paragraph 23(i) is accurate or full and complete. Defendant admits he published a statement similar to that quoted in Paragraph 23(i), but denies that statements were false, defamatory, and disparaging, as alleged.

    j.   Defendants deny that the quoted material in Paragraph 23(j) is accurate or full and complete. Defendant admits he published a statement similar to that quoted in Paragraph 23(j), but denies that statements were false, defamatory, and disparaging, as alleged.

24. Defendants admit statements about Plaintiff and Andrew Henderson were published to the public via YouTube.com. Defendants deny the remaining allegations in Paragraph Twenty-Four.

25. Defendants lack information or knowledge sufficient for a belief as to the truth of the allegations in Paragraph Twenty-Five, and denies them on that basis. Defendants specifically deny that their statements were legally defamatory, as alleged in Paragraph Twenty-Five.

26. Defendants lack information or knowledge sufficient for a belief as to the truth of the allegations in Paragraph Twenty-Six, and denies them on that basis. Defendants specifically deny that their statements were legally defamatory, as alleged in Paragraph Twenty-Six.

27. Defendants lack information or knowledge sufficient for a belief as to the truth of the allegations in Paragraph Twenty-Seven, and denies them on that basis. Defendants specifically deny that their statements were legally defamatory, as alleged in Paragraph Twenty-Seven.

28. Defendants lack information or knowledge sufficient for a belief as to the truth of the allegations in Paragraph Twenty-Eight, and denies them on that basis. Defendants specifically deny that their statements were legally defamatory, as alleged in Paragraph Twenty-Eight.

29. Defendants lack information or knowledge sufficient for a belief as to the truth of the allegations in Paragraph Twenty-Nine, and denies them on that basis.

30. Defendants lack information or knowledge sufficient for a belief as to the truth of the allegations in Paragraph Thirty, and denies them on that basis.

31. Defendants lack information or knowledge sufficient for a belief as to the truth of the allegations in Paragraph Thirty-One, but specifically denies that they were the cause of any legal harm, and specifically denies that Defendants are liable legally for defamation, as alleged in Paragraph Thirty-One.

32. Defendants deny the material allegations in Paragraph Thirty-Two.

33. Defendants deny the material allegations in Paragraph Thirty-Three.

34. Defendants deny the material allegations in Paragraph Thirty-Four.

35. Defendants admit Arno Summer has questioned whether Plaintiff is a scam or not. Defendants lack information or knowledge sufficient for a belief as to the truth of the remaining allegations in Paragraph Thirty-Five, and denies them on that basis.

36. Defendants cannot ascertain the legal or factual allegations in Paragraph Thirty-Six, and therefore no response is required.  To the extent that a response is required, Defendants' deny the allegations in Paragraph Thirty-Six.

37. Defendants lack information or knowledge sufficient for a belief as to the truth of the allegations in Paragraph Thirty-Seven, and denies them on that basis.

38. Defendants lack information or knowledge sufficient for a belief as to the truth of the allegations in Paragraph Thirty-Eight, and denies them on that basis.

39. Defendants lack information or knowledge sufficient for a belief as to the truth of the allegations in Paragraph Thirty-Nine, and denies them on that basis.  Defendants specifically deny that their statements are less than substantially true.

40. For Paragraphs 40(a) through 40(d), Defendants deny that they were the legal cause of harm to Plaintiff or Andrew Henderson.

41. Defendants deny the allegations in Paragraph Forty-One that Defendants made false and defamatory statements about Plaintiff, and specifically deny that they are the legal cause of harm to Plaintiff or Andrew Henderson.

42. Defendants deny the material allegations in Paragraph Forty-Two.

43. Defendants deny the material allegations in Paragraph Forty-Three.

## COUNT I

### (Defamation)

44. Defendants are not required to admit or deny Paragraph Forty-Four because there are no allegations in Paragraph Forty-Four.

45. Defendants deny the material allegations in Paragraph Forty-Five.  The term "actual malice" calls for a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegation regarding "actual malic."

46. Defendants deny the material allegations in Paragraph Forty-Six.

47. Defendants deny the material allegations in Paragraph Forty-Seven.

48. Defendants deny they made false and defamatory publications about Plaintiffs and specifically deny they are the legal cause of harm to Plaintiff. Defendant denies the remaining allegations in Paragraph Forty-Eight.

## COUNT II

### (Defamation per se)

49. Defendants are not required to admit or deny Paragraph Forty-Nine because there are no allegations in Paragraph Forty-Nine.

50. Paragraph Fifty calls for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny them. Defendants deny that their statements were legally defamatory and false, and deny all remaining material allegations in Paragraph Fifty.

51. Paragraph Fifty-One calls for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny them. Defendants deny that their statements were legally defamatory and false, and deny all remaining material allegations in Paragraph Fifty-One.

52. Defendant denies their statement allege "fraud and misrepresentation damage" as alleged in Paragraph Fifty-Two. Defendants specifically deny that they are the legal cause of harm to Plaintiff, and deny all other material allegations in Paragraph Fifty-Two.

53. Defendants deny that that they stated Plaintiff was incompetent or unfit as alleged in Paragraph Fifty-Three. Paragraph Fifty-Three calls for a legal conclusion regarding statements that are defamatory on their face, and no response is required. To the extent a response is required, Defendants deny them. Defendants specifically deny that they are the legal cause of harm to Plaintiff.

54. Defendants deny that that they stated Plaintiff was incompetent or unfit as alleged in Paragraph Fifty-Four. Paragraph Fifty-Four calls for a legal conclusion regarding statements that are defamatory per se, and no response is required. To the extent a

response is required, Defendants deny them.  Defendants specifically deny that they are the legal cause of harm to Plaintiff.

55. Defendants deny that they published false and defamatory statements, as alleged in Paragraph Fifty-Five.  Defendants specifically deny that they are the legal cause of harm to Plaintiff.

## COUNT III

### (Business Disparagement)

56. Defendants are not required to admit or deny Paragraph Forty-Nine because there are no allegations in Paragraph Fifty-Six.

57. The allegations in Paragraph Fifty-Seven call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny them.  Defendants deny that they made false and defamatory statements about Plaintiff and deny that they are the legal cause of harm to Plaintiff.

58. Defendants deny that they are the legal cause of harm to Plaintiff, as alleged in Paragraph Fifty-Eight.

59. Paragraph Fifty-Nine contains no allegations, and Defendants are not required to admit or deny the statement.

## **AFFIRMATIVE AND OTHER DEFENSES**

Defendant sets forth the following affirmative and other defenses, and does so on information and belief as to the actions of others.  Defendants do not concede that they bear the burden of proof or persuasion on any of these defenses.  Defendants reserve the right to assert additional defenses in the event that discovery or further investigation demonstrates that any such defense is appropriate or applicable.

### First Defense

### (First Amendment)

The First Amendment and Texas Constitution (Art. I, Sec. 8) bar Plaintiff's effort to hold Defendants liable for protected activity, specifically the videos and comments at issue in

Plaintiff's Complaint.  As a speaker, Defendants have the right under the First Amendment and Texas Constitution to express opinion, truth, expressions in hyperbole and to publish these statements in their own editorial judgment. See Miami Herald Publ'g Co. v. Tornillo, 418 U.S. 241, 258 (1974).

**Second Defense**

**(Substantial Truth)**

Defendants are protected from liability for statements made that are or were substantially true, and liability cannot attach to Defendants for those statements.

**Third Defense**

**(Opinion and Hyperbole)**

Defendants published statements that were based on their opinion or are considered hyperbole.  Matters that are protected opinion cannot create liability for Plaintiff's causes of action and as such, liability will not attach.

**Fourth Defense**

**(Unclean Hands)**

One or more of the claims are barred by the equitable doctrine of unclean hands.

**Fifth Defense**

**(Indispensable Parties)**

Plaintiff failed to join indispensable parties to their complaint, rendering incapable a full judgment.

**Sixth Defense**

**(Failure to Mitigate)**

Plaintiff failed to exercise reasonable care and diligence to mitigate any alleged damages. Plaintiff failed to perform these acts and is thereby barred from claiming any damages resulting from this failure.

**Seventh Defense**

**(Laches)**

Defendants plead the affirmative defense of laches or the doctrine of laches. On information and belief, Plaintiff had actual and/or constructive knowledge of some of its claims against Defendants before it filed its claim, and had access to the advice of legal counsel. Plaintiff's delay harms Defendants and has unnecessarily increased Plaintiff's damages claims, and denied access to documents and witnesses/ recollections, on information and belief.

**Eighth Defense**

**(Public Figure and Malice)**

Plaintiff's causes of action are barred, in whole or part, because the statements complained of were published without actual malice which is required because Plaintiff and Andrew Henderson are limited purpose public figures under California caselaw. Defendants' statements about which Plaintiff complains caused harm relate to Plaintiff as limited purpose public figures on issues of services, reputation, character, and quality, of which Plaintiff has made many public statements.

**Ninth Defense**

**(Unjust Enrichment)**

Defendants assert that Plaintiff is seeking to recover more than Plaintiff is entitled to recover in this case under the law and caselaw, and award of the judgment sought by Plaintiff would unjustly enrich Plaintiff.

**Tenth Defense**

**(Judicial Proceedings Privilege and Fair Report Privilege)**

Portions of Plaintiff's Complaint are barred by the judicial proceedings privilege and fair report privilege, and therefore Defendants cannot be found legally liable.

**Eleventh Defense**

**Failure to State a Claim**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**Twelfth Defense**

**Innocent Construction Rule**

One or more of Plaintiff's claims can be construed in a non-defamatory way, and therefore liability should not attach for those claims.

**PRAYER FOR RELIEF**

Wherefore, Defendants pray for judgment as follows:

1. That Plaintiff take nothing by its Complaint from Defendants;

2. That the Complaint against Defendants be dismissed in its entirely with prejudice;

3. That Plaintiff is denied each and every demand and prayer for relief contained in the Complaint;

4. For costs of suits incurred herein, including attorneys' fees; and

5. For such other and further relief as the Court deems just and proper.

DATED: February 17, 2025

Respectfully Submitted,

By: /s/ Susanne Arani
Susanne Arani, Esq.

Attorney for Defendants (PHV)

DATED: February 17, 2025

Respectfully Submitted,

By: /s/Dustin Whittenburg,
Dustin Whittenburg, Esq.

Attorney for Defendants

CERTIFICATION OF SERVICE BY ECF

I, Susanne Arani, hereby certify that the forgoing document, Defendants' Answer, was served via ECF to all counsel and parties of record on the ECF service list.

                                            /s/ Susanne Arani
                                           Susanne Arani, Esq.