Peter J. Glazer, Esq.
(Texas SBN: 2421390)
The Glazer Law Firm, PLLC
17806 IH 10 West, Suite 300
San Antonio, Texas 78257
Tel: (210) 858-8854
Email: pjglazer@glazerlawfirm.com

Susanne Arani, Esq. (PHV)
(CA SBN: 238891)
1028 Rosario Lane
Vista, California 92084
Tel: (760) 331-8426
Email: susanne.arani@gmail.com

For Defendants

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| Nomad Capitalist, Limited, a Hong Kong Company, and Andrew J. Henderson, an individual,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>Nomad Elite, LLC, a Texas limited liability company, and Arno Gerald Summer, an individual,<br><br>　　　　　　Defendants. | Case No.: 1:24-cv-01481<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT** |

## ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

To the extent the Paragraphs of the Complaint are grouped together under headings, Defendants ARNO GERALD SUMMER and NOMAD ELITE, LLC ("Defendants") respond generally that such headings and subheadings (some of which are repeated below for reference only and which do not constitute admissions) state legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny each and every heading and subheading in the second amended complaint and incorporates by reference this response in each Paragraph below as if fully set forth herein.

Except as expressly admitted herein, Defendants deny any and all allegations as set forth in the amended complaint. Defendants expressly reserve the right to amend and/or supplement its Answer as may be necessary. Defendants further answer the numbered Paragraphs in the amended complaint as follows:

### NATURE OF THE ACTION

1. Defendants admit the allegations in Paragraph One that Plaintiffs file for causes of action for defamation, defamation per se, business disparagement, misappropriation of name and likeness, emotional distress, and a civil claim for stalking. Defendants specifically deny they made false and malicious statements that resulted in legal harm, deny that they are liable for emotional distress, misappropriation of name and likeness or stalking, and deny those allegations in Paragraph One.

2. Defendant denies the allegation that their conduct was legally wrongful, or the cause of legal harm to Plaintiffs. As for the remaining allegations in Plaintiffs' Paragraph Two, Defendants lack information or sufficient knowledge for a belief as to the remaining allegations, and denies them on that basis.

### JURISDICTION AND VENUE

3. Paragraph Three states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit the allegation.

ANSWER TO AMENDED COMPLAINT

4. Paragraph Four states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit the allegation.

## PARTIES

5. Defendants admit that Nomad Capitalist is a limited liability company. Defendants lack information or knowledge sufficient for a belief as to the truth of the remaining allegations in Paragraph Five and denies them on that basis.

6. Defendants lack information or knowledge sufficient for a belief as to the truth of the allegations in Paragraph Six, and denies them on that basis.

7. Defendants admit the allegations in Paragraph Seven.

8. Defendants deny the allegations in Paragraph Eight.

## FACTUAL ALLEGATIONS

9. Defendants admit the allegations in Paragraph Nine that Plaintiff Nomad Capitalist provides consultancy services and immigration assistance to individuals in multiple countries. Defendants lack information or knowledge sufficient for a belief as to the truth of the remaining allegations in Paragraph Nine and deny them on that basis.

10. Defendants admit the allegation in Paragraph Ten that Plaintiff Nomad Capitalist employs or contracts with individuals. Defendants lack information or knowledge sufficient for a belief as to the truth of the remaining allegations in Paragraph Ten, and deny them on that basis.

11. Defendants admit that Andrew Henderson is a founder of Plaintiff Nomad Capitalist, as alleged in Paragraph Eleven.

12. Defendants admit the allegation in Paragraph Twelve, that Andrew Henderson claims to "test" out immigration documents. Defendants lack information or knowledge sufficient for a belief as to the truth of the remaining allegations in Paragraph Twelve and deny them on that basis.

13. Defendants admit that Andrew Henderson published videos and comments on YouTube regarding Plaintiffs' services. Defendants lack information or knowledge sufficient for a belief as to the truth of the remaining allegations in Paragraph Thirteen, and deny them on that basis.

14. Defendants admit the allegations in Paragraph Fourteen.

15. Defendants lack information or knowledge sufficient for a belief as to the truth of the allegations in Paragraph Fifteen, and deny them on that basis.

16. Defendants admit that Plaintiff Nomad Capitalist's YouTube page has more than 940,000 subscribers. Defendants lack information or knowledge sufficient for a belief as to the truth of the remaining allegations in Paragraph Sixteen, and deny them on that basis.

17. Defendants admit the allegations in Paragraph Seventeen.

18. Defendants admit the allegations in Paragraph Eighteen.

19. Defendants admit the allegations in Paragraph Nineteen.

20. Defendants admit they published a video prior to December 1, 2023, concerning Plaintiffs as alleged in Paragraph Twenty. Defendants deny the remaining allegations in Paragraph Twenty, specifically that statements were untrue or unlawful, or that Defendants unlawfully used Plaintiff Henderson's likeness.

21. Defendants admit that they received a cease-and-desist letter as stated in Paragraph Twenty-One. Defendants lack information or knowledge sufficient for a belief as to the truth of the remaining allegations in Paragraph Twenty-One, and deny them on that basis.

22. Defendants admit they published additional videos, but specifically deny that Defendants attempted to unlawfully defame Plaintiffs, as alleged in Paragraph Twenty-Two.

23. Defendants admit they published statements about one or both Plaintiffs on December 1, 2023, January 21, 2024, and June 8, 2024. Defendants specifically deny that these statements about Plaintiffs were false and defamatory, as alleged in Paragraph Twenty-Three.

a. Defendants deny the allegation in Paragraph 23(a) that they falsely claimed Plaintiffs engage in illegal or unethical business practices.

b. Defendants admit they stated that any organization that services in more than five countries and/or are not located there is not ideal for the consumer. Defendants deny the allegation in Paragraph 23(b) that they stated Plaintiffs were substandard, misleading, and harmful to clients in a false and defamatory way.

c. Defendants deny the allegation in Paragraph 23(c) that they falsely claimed Plaintiffs committed fraud, misrepresentation, and dishonesty in business practices.

d. Defendants admit they implied there are better options in some countries than Plaintiffs, but deny the remaining allegations in Paragraph 23(d).

24. Defendants deny they made false, defamatory and disparaging statements about Plaintiffs, as alleged in Paragraph Twenty-Four.

a. Defendants admit that the quotation in Paragraph 24(a) is correct, but incomplete and deny that it is a full statement as alleged in Paragraph 24(a). Defendants admit this partial statement appeared in the December 2023, publication, but deny that it was false, defamatory and disparaging, as alleged in Paragraph 24(a).

b. Defendants admit these are accurate quotes from the January 2024 video as alleged in Paragraph 24(b). Defendants deny that they are full quotes, and specifically deny that in context, the statements were false, defamatory and disparaging, as alleged in Paragraph 24(b).

c. Defendants deny that the quoted material in Paragraph 24(c) appears in the January 21, 2024, video. Defendant Summer admits that he stated there is a chance of inferior service for people working with companies who are not based in the intended country they serve. Defendants deny all remaining material allegations in Paragraph 24(c).

d.  Defendants admit he stated the words quoted in Paragraph 24(d), but specifically deny that they are false, defamatory and disparaging, as alleged in Paragraph 24(d).

e.  Defendants admit he stated, "They posted lots of inaccurate information!" regarding a video Plaintiff and Andrew Henderson posted, in the comment section. Defendants deny that the statement is false, defamatory, and disparaging as alleged in Paragraph 24(d).

f.  Defendants admit he stated the words quoted in Paragraph 24(f), but specifically deny that they are false, defamatory and disparaging, as alleged in Paragraph 24(f).

g.  Defendant admits he posted the statement, "He never integrated anywhere. He speaks zero foreign languages fluently," regarding Plaintiff Andrew Henderson. Defendants deny the remaining allegations in Paragraph 24(g), and specifically deny that statements were false, defamatory, and disparaging, as alleged.

h.  Defendants deny that the quoted material in Paragraph 24(h) is accurate or full and complete. Defendant Summer admits he published a statement similar to that quoted in Paragraph 24(h), but Defendants deny that statements were false, defamatory, and disparaging, as alleged.

i.  Defendants deny that the quoted material in Paragraph 24(i) is accurate or full and complete. Defendant admits he published a statement similar to that quoted in Paragraph 24(i), but Defendants deny that statements were false, defamatory, and disparaging, as alleged.

j.  Defendants deny that the quoted material in Paragraph 24(j) is accurate or full and complete. Defendant admits he published a statement similar to that quoted in Paragraph 24(j), but Defendants deny that statements were false, defamatory, and disparaging, as alleged.

25. Defendants admit statements about Plaintiffs were published to the public via YouTube.com. Defendants deny the remaining allegations in Paragraph Twenty-Five.

26. Defendants lack information or knowledge sufficient for a belief as to the truth of the allegations in Paragraph Twenty-Six, and deny them on that basis. Defendants specifically deny that their statements were legally defamatory, as alleged in Paragraph Twenty-Six.

27. Defendants lack information or knowledge sufficient for a belief as to the truth of the allegations in Paragraph Twenty-Seven, and deny them on that basis. Defendants specifically deny that their statements were legally defamatory, as alleged in Paragraph Twenty-Seven.

28. Defendants lack information or knowledge sufficient for a belief as to the truth of the allegations in Paragraph Twenty-Eight, and deny them on that basis. Defendants specifically deny that their statements were legally defamatory, as alleged in Paragraph Twenty-Eight.

29. Defendants lack information or knowledge sufficient for a belief as to the truth of the allegations in Paragraph Twenty-Nine, and deny them on that basis. Defendants specifically deny that their statements were legally defamatory, as alleged in Paragraph Twenty-Nine.

30. Defendants lack information or knowledge sufficient for a belief as to the truth of the allegations in Paragraph Thirty, and deny them on that basis.

31. Defendants lack information or knowledge sufficient for a belief as to the truth of the allegations in Paragraph Thirty-One, and deny them on that basis.

32. Defendants lack information or knowledge sufficient for a belief as to the truth of the allegations in Paragraph Thirty-Two, but specifically deny that they were the cause of any legal harm, and specifically deny that Defendants are liable legally for defamation, as alleged in Paragraph Thirty-Two.

33. Defendants deny the material allegations in Paragraph Thirty-Three.

34. Defendants deny the material allegations in Paragraph Thirty-Four.

35. Defendants deny the material allegations in Paragraph Thirty-Five.

36. Defendants admit Arno Summer has questioned whether Plaintiffs are a "scam" or not. Defendants lack information or knowledge sufficient for a belief as to the truth of the remaining allegations in Paragraph Thirty-Six, and deny them on that basis.

37. Defendants cannot ascertain the legal or factual allegations in Paragraph Thirty-Seven, and therefore no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph Thirty-Seven.

38. Defendants lack information or knowledge sufficient for a belief as to the truth of the allegations in Paragraph Thirty-Eight, and deny them on that basis.

39. Defendants lack information or knowledge sufficient for a belief as to the truth of the allegations in Paragraph Thirty-Nine, and deny them on that basis.

40. Defendants lack information or knowledge sufficient for a belief as to the truth of the allegations in Paragraph Forty, and deny them on that basis. Defendants specifically deny that their statements are less than substantially true.

41. For Paragraphs 41(a) through 41(d), Defendants deny that they were the legal cause of harm to either Plaintiff.

42. Defendants deny the allegations in Paragraph Forty-Two that Defendants made false and defamatory statements about Plaintiffs, and specifically deny that they are the legal cause of harm to Plaintiffs.

43. Defendants deny the material allegations in Paragraph Forty-Three.

44. Defendants deny the material allegations in Paragraph Forty-Four.

45. Defendants deny the material allegations in Paragraph Forty-Five.

## COUNT I

### (Defamation)

46. Defendants are not required to admit or deny Paragraph Forty-Six because there are no allegations in Paragraph Forty-Six.

47. Defendants deny the material allegations in Paragraph Forty-Seven.  The term "actual malice" calls for a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegation regarding "actual malice."

48. Defendants deny the material allegations in Paragraph Forty-Eight.

49. Defendants deny the material allegations in Paragraph Forty-Nine.

50. Defendants deny they made false and defamatory publications about Plaintiffs and specifically deny they are the legal cause of harm to Plaintiffs.  Defendants deny the remaining material allegations in Paragraph Fifty.

## COUNT II

### (Defamation per se)

51. Defendants are not required to admit or deny Paragraph Fifty-One because there are no allegations in Paragraph Fifty-One.

52. Paragraph Fifty-Two calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny them.  Defendants deny that their statements were legally defamatory and false, and deny all remaining material allegations in Paragraph Fifty.

53. Paragraph Fifty-Three calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny them.  Defendants deny that their statements were legally defamatory and false, and deny all remaining material allegations in Paragraph Fifty-Three.

54. Defendants deny their statement alleging "fraud and misrepresentation damage" as alleged in Paragraph Fifty-Four.  Defendants specifically deny that they are the legal cause of harm to Plaintiffs, and deny all other material allegations in Paragraph Fifty-Four.

55. Defendants deny that that they stated Plaintiffs were incompetent or unfit as alleged in Paragraph Fifty-Five.  Paragraph Fifty-Five calls for a legal conclusion regarding statements that are defamatory on their face, and no response is required.  To the extent a

ANSWER TO AMENDED COMPLAINT

response is required, Defendants deny them.  Defendants specifically deny that they are the legal cause of harm to Plaintiffs.

56. Defendants deny that that they stated Plaintiffs were incompetent or unfit as alleged in Paragraph Fifty-Six.  Paragraph Fifty-Six calls for a legal conclusion regarding statements that are defamatory per se, and no response is required.  To the extent a response is required, Defendants deny them.  Defendants specifically deny that they are the legal cause of harm to Plaintiffs.

57. Defendants deny that they published false and defamatory statements, as alleged in Paragraph Fifty-Seven.   Defendants specifically deny that they are the legal cause of harm to Plaintiffs.

## COUNT III

### (Business Disparagement)

58. Defendants are not required to admit or deny Paragraph Fifty-Eight because there are no allegations in Paragraph Fifty-Eight.

59. The allegations in Paragraph Fifty-Nine call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny them.  Defendants deny that they made false and defamatory statements about Plaintiff Nomad Capitalist and deny that they are the legal cause of harm to Plaintiff Nomad Capitalist.

60. Defendants deny that they are the legal cause of harm to Plaintiff Nomad Capitalist, as alleged in Paragraph Sixty.

## COUNT IV

### (Liability for Stalking Under Tex. Civ. Prac. & Rem. Code Sec. 85.001 et seq.)

61. Defendants are not required to admit or deny Paragraph Sixty-One because there are no allegations in Paragraph Sixty-One.

62. Defendant Summer admits that he and Plaintiff Henderson had a conversation in a public place in Asuncion, Paraguay on or about May 13, 2024.  Defendant Summer specifically denies that the interaction was a "stalking event," as alleged in Paragraph Sixty-Two.

63. Defendant Summer admits there were people present, that at least one person was with Plaintiff Henderson at some point during the interaction, and that he approached Plaintiff Henderson in order to settle this matter amicably through a conversation.

64. Defendant Summer denies that the encounter was as a result of "tracking" Plaintiff Henderson, as alleged in Paragraph Sixty-Four. Defendant Summer denies there was any reasonable ground for Plaintiff Henderson to fear for his own safety or the safety of "his loved ones" as alleged in Paragraph Sixty-Four.

65. Defendant Summer admits the allegation in Paragraph Sixty-Five.

66. Defendant Summer admits that Plaintiff Henderson wrongfully accused him of threatening him and asked Defendant Summer to "go away," but admits that Plaintiff Henderson taunted Defendant Summer numerous times, and that the two engaged in a conversation. Defendant Summer specifically denies the allegation in Paragraph Sixty-Six was considered harassing, specifically in light of Plaintiff Henderson's conduct.

67. Defendant Summer admits he asked Plaintiff Henderson why Plaintiff Henderson came to Paraguay. Defendant Summer specifically denies that he threatened to file or in fact filed a complaint against Plaintiff Henderson for harassment, as alleged in Paragraph Sixty-Seven. Defendant Summer denies the remaining material allegations Paragraph Sixty-Seven.

68. Defendant Summer admits that Plaintiff Henderson filed a police report, and that the complaint was summarily closed as lacking in evidence for an offense by law enforcement in Paraguay.

69. Defendant Summer denies the allegations in Paragraph Sixty-Nine, specifically that any reasonable person under the circumstances would have feared for their safety, that there was any past harassing behavior, or that Defendant Summer threatened to file a false police report as alleged in Paragraph Sixty-Nine.

70. Paragraph Seventy calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant Summer denies the allegations.

71. Defendant Summer denies that he is the cause of any legal harm, as alleged in Paragraph Seventy-One.

### COUNT V

### (Misappropriation of Name/Likeness)

72. Defendants are not required to admit or deny Paragraph Sixty-One because there are no allegations in Paragraph Seventy-Two.

73. Defendants admit they have used a rhetorical caricature of Plaintiff Henderson and have titled some of their videos with Plaintiff Nomad Capitalist's name. Defendants deny the remaining material allegations in Paragraph Seventy-Three.

74. Defendants deny that the caricature of Plaintiff Henderson was "grotesque" or that the caricature was the cause of any legal defamation or legal harm as alleged in Paragraph Seventy-Four.

75. Defendants admit they did not ask for Plaintiffs' permission to identify them by name or likeness in the videos they published. Defendants deny the remaining material allegations in Paragraph Seventy-Five.

76. Defendants lack sufficient information or knowledge as to the allegations in Paragraph Seventy-Six, and deny them on that basis. Defendants specifically deny they are the cause of any legal harm to Plaintiffs.

### COUNT VI

### (Intentional Infliction of Emotional Distress)

77. Defendants are not required to admit or deny Paragraph Seventy-Seven because there are no allegations in Paragraph Seventy-Seven.

78. Defendants admit they published videos regarding Plaintiffs. Defendants deny the remaining material allegations in Paragraph Seventy-Eight, and specifically deny they are the cause of any legal harm to Plaintiff Henderson.

79. Defendants admit they published a video that included a charge against Plaintiff Henderson for Stalking, but specifically deny as alleged in Paragraph Seventy-Nine that

there is no evidence of such a charge, or that Defendants made false and defamatory statements regarding Plaintiff Henderson.

80. Defendant Summer denies that he stalked or harassed Plaintiff Henderson, as alleged in Paragraph Eighty, that Plaintiff Henderson could have reasonably been in fear for his safety from the encounter, or that Defendant Summer is the cause of legal harm to Plaintiff Henderson, as alleged in Paragraph Eighty.

81. Defendants deny the allegations in Paragraph Eighty-One.

82. Defendants deny the allegations in Paragraph Eighty-Two.

83. Defendants deny that they are the cause of legal harm to Plaintiff Henderson, as alleged in Paragraph Eighty-Three.

84. There are no factual allegations in Paragraph Eighty-Four, and Defendants are not required to admit or deny the statement.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant sets forth the following affirmative and other defenses, and does so on information and belief as to the actions of others. Defendants do not concede that they bear the burden of proof or persuasion on any of these defenses. Defendants reserve the right to assert additional defenses in the event that discovery or further investigation demonstrates that any such defense is appropriate or applicable.

### First Defense

### (First Amendment)

The First Amendment and Texas Constitution (Art. I, Sec. 8) bar Plaintiffs' effort to hold Defendants liable for protected activity, specifically the videos and comments at issue in Plaintiffs' Amended Complaint, that give rise to Plaintiffs' Causes of Action. As a speaker, Defendants have the right under the First Amendment and Texas Constitution to express opinion, truth, expressions in hyperbole and to publish these statements in their own editorial judgment. See Miami Herald Publ'g Co. v. Tornillo, 418 U.S. 241, 258 (1974).

**Second Defense**

**(Substantial Truth)**

Defendants are protected from liability for statements made that are or were substantially true, and liability cannot attach to Defendants for those statements that give rise to several of their causes of action.

**Third Defense**

**(Opinion and Hyperbole)**

Defendants published statements that were based on their opinion or are considered hyperbole. Matters that are protected opinion cannot create liability for several of Plaintiffs' causes of action, and as such, liability will not attach.

**Fourth Defense**

**(Unclean Hands)**

One or more of the claims are barred by the equitable doctrine of unclean hands.

**Fifth Defense**

**(Failure to Mitigate)**

Plaintiffs failed to exercise reasonable care and diligence to mitigate any alleged damages. Plaintiffs failed to perform these acts and is thereby barred from claiming any damages resulting from this failure.

**Sixth Defense**

**(Laches)**

Defendants plead the affirmative defense of laches or the doctrine of laches. On information and belief, Plaintiffs had actual and/or constructive knowledge of some of its claims against Defendants before it filed their claims, and had access to the advice of legal counsel. Plaintiffs' delay harms Defendants and has unnecessarily increased Plaintiffs' damages claims, and denied access to documents and witnesses/ recollections, on information and belief.

/ / /

/ / /

14

ANSWER TO AMENDED COMPLAINT

**Seventh Defense**

**(Public Figure and Malice)**

Plaintiffs' causes of action are barred, in whole or part, because the statements complained of were published without actual malice which is required because Plaintiffs are limited purpose public figures under Texas caselaw.  Defendants' statements, about which Plaintiffs complain caused harm, relate to Plaintiffs as limited purpose public figures on issues of services, reputation, character, and quality, of which Plaintiffs has made many public statements.

**Eighth Defense**

**(Unjust Enrichment)**

Defendants assert that Plaintiffs are seeking to recover more than Plaintiffs are entitled to recover in this case under the law and caselaw, and award of the judgment sought by Plaintiffs would unjustly enrich Plaintiffs.

**Ninth Defense**

**(Judicial Proceedings Privilege and Fair Report Privilege)**

Portions of Plaintiffs' Amended Complaint are barred by the judicial proceedings privilege and fair report privilege, and therefore Defendants cannot be found legally liable.

**Tenth Defense**

**Failure to State a Claim**

Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted.

**Eleventh Defense**

**Innocent Construction Rule**

One or more of Plaintiffs' claims can be construed in a non-defamatory way, and therefore liability should not attach for those claims.

/ / /

/ / /

/ / /

### Twelfth Defense

### Statute of Limitations

One or more of Plaintiffs' claims in their Amended Complaint are barred by the Statute of Limitations, specifically, Texas's statute of limitations for defamation as it relates to claims for intentional infliction of emotional distress.

### Thirteenth Defense

### Single Action Rule / Gap Filler Tort

Plaintiff Henderson's claim for intentional infliction of emotional distress as it relates to alleged defamatory statements is prohibited by Texas's Single Action Rule and Gap Filler Tort.

### Fourteenth Defense

### Extraterritoriality

Plaintiff Henderson's cause of action under the Texas Civil Stalking Statute is barred because the incident took place in Paraguay, and the Texas Supreme Court has ruled that Texas statutes do not apply to conduct or causes arising outside of Texas, unless specifically stated in the statute itself. (*Pohl v. Cheatham*, No. 23-0045)(May 9, 2025).

/ / /

/ / /

/ / /

**PRAYER FOR RELIEF**

Wherefore, Defendants pray for judgment as follows:

1. That Plaintiffs take nothing by its Complaint from Defendants;

2. That the Complaint against Defendants be dismissed in its entirely with prejudice;

3. That Plaintiffs are denied each and every demand and prayer for relief contained in the Complaint;

4. For costs of suits incurred herein, including attorneys' fees; and

5. For such other and further relief as the Court deems just and proper.

DATED:  June 23, 2025                                              Respectfully Submitted,

                                                                                By:  /s/ Susanne Arani
                                                                                       Susanne Arani, Esq.

                                                                                Attorney for Defendants (PHV)

DATED:   June 23, 2025

                                                                                By:  /s/ Peter J. Glazer
                                                                                       Peter J. Glazer, Esq.

                                                                                Attorney for Defendants

CERTIFICATION OF SERVICE BY ECF

I, Susanne Arani, hereby certify that the forgoing document was served to all counsel of record on the ECF service list on June 23, 2025.

                                       /s/ Susanne Arani
                                       Susanne Arani, Esq.

ANSWER TO AMENDED COMPLAINT